UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EARL WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> ANDRE WILLIAMS, et al., <br><br> Defendants. | Case No. 16-cv-02403 EDL (PR) <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at San Quentin State Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.[1] Plaintiff is granted in forma pauperis status in a separate order. For the reasons stated below, the complaint is DISMISSED with leave to amend.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Dkt. No. 1.)
Case No. 16-cv-02403 EDL (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND
1

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claims

In the complaint, plaintiff claims that on January 22, 2014, defendant Hobbicraft Manager Andre Williams improperly confiscated without notice a painting that plaintiff created. Andre Williams demanded that plaintiff make changes to the painting, and that plaintiff would not be able to mail or place the painting in Andre Williams' hobby store until plaintiff had complied. Plaintiff intended to send the painting to plaintiff's attorney.

There are several deficiencies with this complaint. First, plaintiff names not only Hobbicraft Manager Andre Williams as a defendant, but he also names Appeals Coordinator M. Davis, Appeals Coordinator R. Baxter, Sgt. E. Patao, Counselor V. Stanford, and Warden Kevin Chappell. However, plaintiff does not link these other defendants with any particular wrongdoing. Plaintiff is advised that there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). A prison official's failure to process grievances, without more, accordingly is not actionable under Section 1983. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez*, 334 F.3d at 860 (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Liability may be imposed on an individual defendant under 42 U.S.C. § 1983

Case No. 16-cv-02403 EDL (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

2

if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013). Without proffering facts that may be construed to reasonably show that any of these defendants caused some violation, plaintiff has not stated a cognizable claim against them. Accordingly, Appeals Coordinator M. Davis, Appeals Coordinator R. Baxter, Sgt. E. Patao, Counselor V. Stanford, and Warden Kevin Chappell are dismissed. If plaintiff believes he can allege a cognizable claim against them in good faith, he may amend his complaint to do so.

Second, the court cannot determine whether the confiscation of property was random and unauthorized or pursuant to an established state procedure. Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). Neither the negligent nor intentional deprivation of property states a due process claim under Section 1983 if the deprivation was random or unauthorized, however. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). If the deprivation is not random or unauthorized, but the result of "established state procedure," the availability of a post-termination tort action does not necessarily provide due process. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982) (failure on part of state commission to hold hearing within statutory time limits not permitted to terminate timely

Case No. 16-cv-02403 EDL (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

3

filed claim). *Parratt* does not apply where the state has procedures designed to control the actions of state officials and the officials act pursuant to those procedures. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 738 (9th Cir. 2001). In other words, due process may be violated where a deprivation is predictable and pre-deprivation process possible, but state officials, acting under apparent authority of state procedures, provide no pre-deprivation procedure and are specifically charged with the authority to effect the deprivation complained of. *See id.* at 739.

For the above reasons, the complaint will be dismissed with leave to amend so that plaintiff may clarify and explain in a concise statement of facts what Andre Williams did, and how it violated plaintiff's constitutional rights. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). The court is not required to sift through plaintiff's exhibits and attachments in an effort to determine what plaintiff's claim(s) are. Plaintiff must set forth coherent, legally viable claims to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly, as currently pled, plaintiff has failed to state a claim for relief. Plaintiff's complaint is DISMISSED. The court will give plaintiff an opportunity to amend his complaint to state a claim for relief if he can do so in good faith.

## CONCLUSION

1. The complaint is DISMISSED with leave to amend. The amended complaint must be filed within twenty-eight (28) days of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file

Case No. 16-cv-02403 EDL (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND
4

an amended complaint within the designated time and in compliance with this order will result in the dismissal of this action.

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: August 3, 2016

*[signature]*
ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE

Case No. 16-cv-02403 EDL (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

5